UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher Gearl West, aka, Christopher West, | ) ) ) |
| v. | ) C/A No.     5:13-cv-1849-DCN-KDW ) ) ) |
| Director William R. Byars, Jr.; Warden Cecilia Reynolds; Associate Warden Jerry Washington; Major Darren Seaward; Captain Daniel Dubose; Sergeant Baker; Officer Chris Hunt; Officer Robert Bigham; Inst. Investigator Sylvesta Robinson; Nurse Luanne Mungo; Robert Bryan; in their individual and official capacity as corrections employees of the State of South Carolina, Defendants. | ) ) ORDER ) ) ) ) ) ) ) ) ) ) |

Plaintiff, proceeding pro se, brought this action alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. This matter is before the court on the parties' pending discovery motions. On October 21, 2013, Plaintiff filed a Motion for Extension of Time to Complete Discovery, ECF No. 38. On November 26, 2013, while Plaintiff's discovery motion was pending, Defendants filed a Motion to Extend the Time to File Dispositive Motions, ECF No. 47.[1] In response to these pending motions, on December 2, 2013, the court stayed the dispositive motion deadline and directed Defendants' counsel to advise the court, by December 9, 2013, regarding the status of Defendants' responses to Plaintiff's outstanding discovery requests. ECF No. 48. On December 6, 2013, Defendants filed their Motion for Summary Judgment. ECF No. 51. On this same date, Defendants also filed a Motion to Stay Discovery. ECF No. 52. On December 18, 2013, Defendants' Motion

---

[1] Pursuant to the Scheduling Order entered in this case, dispositive motions were due by December 2, 2013. ECF No. 29.

for Extension of Time to File Dispositive Motions, ECF No. 47 , was denied as moot.  ECF No. 59.  On December 23, 2013, Plaintiff filed a second Motion for Extension of Time to Complete Discovery, ECF No. 62. Defendants have filed Responses in Opposition to each of Plaintiff's Motions. *See* ECF Nos. 44, 65. Plaintiff did not respond to Defendant's Motion to Stay.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in prisoner petitions filed under 42 U.S.C. § 1983.

**Defendants' Motion to Stay Discovery, ECF No. 52**

Defendants argue that a stay of discovery should be granted until the court has resolved "the threshold issue of qualified immunity."  ECF No. 52 at 5.  Defendants further argue that they should not be "subject to [Plaintiff's] expensive, time-consuming, and vexatious" discovery requests.  *Id.* Defendants contend that Plaintiff's discovery requests are irrelevant, unduly burdensome, and further argue that Plaintiff will not be prejudiced if discovery is stayed in this matter. *Id.* Defendants cite to *Harlow v. Fitzgerald*, 457 U.S. 800, and argue that discovery should not be allowed in this case until the issue of qualified immunity is resolved.  ECF No. 83 at 2-3.  Defendants also cite to Federal Rule of Civil Procedure 26(c), contending that the court has the "inherent power to stay discovery" when the proposed discovery request "is not likely to produce facts" to defeat summary judgment. *Id.* at 3.

Rule 26(b)(2)(C) permits the court to limit the "frequency or extent of discovery otherwise allowed" for several reasons, including its determination that "discovery sought is unreasonably cumulative," "the discovery sought . . . can be obtained from some other source that is more convenient, less burdensome, or less expensive" or the "burden or expense of the proposed discovery outweighs its likely benefit[.]" Fed. R. Civ. P. 26(b)(2)(C)(i), (iii).

2

In this case, the court has reviewed Plaintiff's Complaint, ECF No. 1, Defendants' summary judgment motion, ECF No. 51, and Plaintiff's discovery requests, attached as an exhibit to Defendants' Motion to Stay, ECF Nos. 52-1 to 52-8.  The court finds that the issue of qualified immunity cannot be determined on the record presently before the court due to outstanding questions of fact.   The court finds that Plaintiff is entitled to conduct discovery in this matter, and therefore, Defendants' Motion to Stay Discovery, ECF No. 52, is denied.

**Plaintiff's Motions for Extension of Time to Complete Discovery, ECF Nos. 38, 62**

Plaintiff asks this court to modify the scheduling order in this action by at least 30 days to allow Plaintiff to complete discovery in this matter.[2]  ECF Nos. 38, 62.  Defendants oppose this motion arguing that Plaintiff case is not an "unusual case worthy" of an extension and that Plaintiff's requested extension would "substantially affect other deadlines set forth in the Court's Scheduling Order."  ECF No. 65 at 2.  As the court has found *supra* that Plaintiff is entitled to discovery in this matter, and because Plaintiff has not had an opportunity to conduct discovery as Defendants filed a Motion to Stay Discovery prior to answering any of Plaintiff's discovery requests, the court grants Plaintiff's motions to extend the time complete discovery, ECF Nos. 38, 62.  The discovery deadline is extended until **May 6, 2014** and Defendants are instructed to respond to the discovery requests that Plaintiff has previously served in this matter.  The dispositive motion deadline is extended to **June 16, 2014.**

## CONCLUSION

For the reasons set forth herein, Plaintiff's Motions for Extension of Time to Complete Discovery, ECF No. 38, 62, are GRANTED.   Defendants' Motion to Stay Discovery, ECF No. 52, is DENIED.

---

[2] Discovery in this matter was due by October 21, 2013. ECF No. 29.  Plaintiff's Motion for Extension of Time To Complete Discovery was mailed on October 17, 2013.  ECF No. 38-1.

IT IS SO ORDERED.

February 6, 2014  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

4